E-filing    ORIGINAL    MHP

1 | **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2 | Name  Willis,        Ronald        A.
   |       (Last)        (First)      (Initial)

08 JUL 11 PM 1:41

3 | Prisoner Number  D11672

RICHARD W. WILKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4 | Institutional Address  P.O. Box 689    B243

5 |               Soledad, CA 93960-0689

6 |

7 | **UNITED STATES DISTRICT COURT**
   | **NORTHERN DISTRICT OF CALIFORNIA**

MHP

8 | RONALD ALBERT WILLIS

9 | (Enter the full name of plaintiff in this action.)     CV 08    3355

         vs.             Case No. _____

10 | B. CURRY, Warden;     (To be provided by the clerk of court)  (PR)

11 | A. SCHWARZENEGGER, Governor.     **PETITION FOR A WRIT**
   | **OF HABEAS CORPUS**

12 |

13 |

14 | (Enter the full name of respondent(s) or jailor in this action)

15 |

16 | **Read Comments Carefully Before Filling In**

17 | **When and Where to File**

18 |     You should file in the Northern District if you were convicted and sentenced in one of these

19 | counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 | San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 | this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 | good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23 |     If you are challenging your conviction or sentence and you were **not** convicted and sentenced in

24 | one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 | District Court for the district in which the state court that convicted and sentenced you is located. If

26 | you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 | your petition will likely be transferred to the district court for the district that includes the institution

28 | where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS            - 1 -

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12      (a)    Name and location of court that imposed sentence (for example; Alameda

13          County Superior Court, Oakland):

14      <u>Norwalk Superior Court</u>        <u>Norwalk, California</u>

15          Court                        Location

16      (b)    Case number, if known <u>A027645</u>

17      (c)    Date and terms of sentence <u>7/29/85, 15 years to life.</u>

18      (d)    Are you now in custody serving this term? (Custody means being in jail, on

19          parole or probation, etc.)        Yes <u>X</u>    No _____

20          Where?

21          Name of Institution: <u>Correctional Training Facility</u>

22          Address: <u>P.O. Box 689, Soledad, CA 93960-0689</u>

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  <u>Second Degree Murder, California Penal Code § 187.</u>

27  _____

28  _____

3. Did you have any of the following?

    Arraignment:                               Yes __X__        No _____

    Preliminary Hearing:                       Yes __X__        No _____

    Motion to Suppress:                        Yes _____        No __X__

4. How did you plead?

    Guilty _____    Not Guilty __X__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __X__      Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?                  Yes __X__        No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                          Yes __X__        No _____

    (b)    Preliminary hearing                  Yes __X__        No _____

    (c)    Time of plea                         Yes __X__        No _____

    (d)    Trial                                Yes __X__        No _____

    (e)    Sentencing                           Yes __X__        No _____

    (f)    Appeal                               Yes __X__        No _____

    (g)    Other post-conviction proceeding     Yes __X__        No _____

8. Did you appeal your conviction?                 Yes __X__        No _____

    (a)    If you did, to what court(s) did you appeal?

           Court of Appeal                      Yes __X__        No _____

           Year: __1986__        Result: __Denied_____

           Supreme Court of California          Yes _____        No __X__

           Year: _____       Result:_____

           Any other court                      Yes _____        No __X__

           Year: _____       Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS          - 3 -

1    petition?                                    Yes _____    No_ X _

2        (c)    Was there an opinion?            Yes _ X _    No_____

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                Yes _____    No_ X _

5            If you did, give the name of the court and the result:

6            _____

7            _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?        Yes _____    No_ X _

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition. You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15    U.S.C. §§ 2244(b).]

16        (a)    If you sought relief in any proceeding other than an appeal, answer the following

17            questions for each proceeding. Attach extra paper if you need more space.

18        I.    Name of Court: Los Angeles Superior Court

19            Type of Proceeding: Petition for Writ of Habeas Corpus

20            Grounds raised (Be brief but specific):

21            a. See attached page 4a.

22            b. See attached page 4a.

23            c. N/A

24            d. N/A

25            Result: Denied            Date of Result: 12/03/07

26        II.   Name of Court: Court of Appeal, 2nd Appellate District

27            Type of Proceeding: Petition for Writ of Habeas Corpus

28            Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

**I. Grounds raised:**

    a. In Violation Of Petitioner's Right To Due Process, As
Guaranteed By The United States Constitution In The Fifth
And Fourteenth Amendments, And Comparable Provision Of The
California Constitution, The Board Arbitrarily And
Capriciously Denied Parole Because Petitioner Is Many
Years Past His Minimum Term And There Is No Evidence
Indicating That Petitioner Is A Current Unreasonable Risk
Of Danger To Society If Paroled, Particularly In Light Of
the commitment offense's lack of predictive value and His
Twenty-Three Years Of Positive Rehabilitative Behavior.

    b. In Violation Of Petitioner's Right To Due Process, As
Guaranteed By The United States Constitution In The Fifth
And Fourteenth Amendments, And Comparable Provision Of The
California Constitution, The Board Arbitrarily And
Capriciously Denied Parole for Three years without any
evidence that Petitioner could not be ready in A Shorter
time.

1    a. Same as I. a. above
2    b. Same as I. b. above
3    c.
4    d.
5    Result: Denied                    Date of Result: 4/08/08
6    Ill.    Name of Court: California Supreme Court
7    Type of Proceeding: Petition for Review
8    Grounds raised (Be brief but specific):
9    a. Same as I. a. above
10    b. Same as I. b. above
11    c.
12    d.
13    Result: Denied                    Date of Result: 6/11/08
14    IV.    Name of Court:
15    Type of Proceeding:
16    Grounds raised (Be brief but specific):
17    a.
18    b.
19    c.
20    d.
21    Result:                    Date of Result:
22    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?
23    Yes _____    No X
24    Name and location of court:
25    **B. GROUNDS FOR RELIEF**
26    State briefly every reason that you believe you are being confined unlawfully. Give facts to
27    support each claim. For example, what legal right or privilege were you denied? What happened?
28    Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS         - 5 -

1    need more space. Answer the same questions for each claim.

2    [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One: See Attached at page 8.

6    _____

7    Supporting Facts: See Attached at page 13.

8    _____

9    _____

10   _____

11   Claim Two: See Attached at page 8.

12   _____

13   Supporting Facts: See Attached at page 24.

14   _____

15   _____

16   _____

17   Claim Three:_____

18   _____

19   Supporting Facts:_____

20   _____

21   _____

22   _____

23   If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25   _____

26   _____

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS         - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    ____See Attached at page 9._____

5    _____

6    ___._____

7    Do you have an attorney for this petition?                    Yes_____    No_X_

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on __06/20/08____                    _Ronald a Willi_

14                    Date                    Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| **RONALD ALBERT WILLIS** | ) | Case No. |
| | ) | |
| Petitioner, | ) | **PETITION FOR WRIT OF HABEAS** |
| | ) | **CORPUS** |
| v. | ) | |
| | ) | |
| B. CURRY, Warden; | ) | |
| A. SCHWARZENEGGER, Governor | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Ronald A. Willis
D11672        B243
P.O. Box 689
Soledad, CA. 93960-0689

PETITIONER,
In Pro Per

1                    **TABLE OF CONTENT**

2                                                     **Page**

3  TABLE OF CONTENT           8

4  TABLE OF AUTHORITIES       9

5  INTRODUCTION           11

6-10  I. IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS, AS GUARANTEED BY THE UNITED STATES CONSTITUTION IN THE FIFTH AND FOURTEENTH AMENDMENTS, AND COMPARABLE PROVISION OF THE CALIFORNIA CONSTITUTION, THE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PAROLE BECAUSE PETITIONER IS MANY YEARS PAST HIS MINIMUM TERM AND THERE IS NO EVIDENCE INDICATING THAT PETITIONER IS A CURRENT UNREASONABLE RISK OF DANGER TO SOCIETY IF PAROLED, PARTICULARLY IN LIGHT OF THE COMMITMENT OFFENSE'S LACK OF PREDICTIVE VALUE AND HIS TWENTY-THREE YEARS OF POSITIVE REHABILITATIVE BEHAVIOR.  13

11-14  II. IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS, AS GUARANTEED BY THE UNITED STATES CONSTITUTION IN THE FIFTH AND FOURTEENTH AMENDMENTS, AND COMPARABLE PROVISION OF THE CALIFORNIA CONSTITUTION, THE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PAROLE FOR THREE YEARS WITHOUT ANY EVIDENCE THAT PETITIONER COULD NOT BE READY IN A SHORTER TIME.  22

15  CONCLUSION      23

16  PRAYER      27

1

**TABLE OF AUTHORITIES**

2  **AUTHORITIES**                                                                                    **PAGES**

3  **FEDERAL CASES**

4  Biggs v. Terhune (9th Cir. 2003) 334 F.3d. 910 ............... 13, 14, 19, 21, 23, 24

5  Board of Pardons v. Allen (1987) 482 U.S. 369 .................................. 13

6  Daniels v. Williams (1986) 474 U.S. 327 ...................................... 13

7  Dent v. West Virginia (1899) 129 U.S. 114 .................................... 13

8  Douglas v. Buder (1973) 412 U.S. 430 ........................................ 14

9  Dunn v. U.S. Parole Comm. (10th Cir.1987) 818 F.2d. 742 ....................... 15

10 Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex
11    (1979) 442 U.S. 1 ..................................................... 13, 24

12 Hayward v. Marshall (9th Cir. 2008) 512 F.3d 536 .... 13, 14, 17, 20, 21, 23, 24, 25

13 Irons v. Carey (9th Circuit 2007) 505 F.3d 846 ................... 13, 19, 21, 23, 24

14 Jancsek v. Oregon Bd. of Parole (9th Cir.1987) 833 F.2d 1389, 1390 ............ 14

15 Martin v. Marshall (N.D. Cal. 2006) 431 F.Supp.2d 1038 .............. 17, 20, 22, 25

16 McQuillion v. Duncan (9th Cir. 2002) 306 F.3d. 895 ................... 13, 14, 19, 25

17 Powell v. Gomez (9th Cir.1994) 33 F.3d 39 ..................................... 14

18 Quaglito v. Sullivan (D. Minn.1989) 719 F.Supp. 860 .......................... 15

19 Rosa v. Nielson (9th Cir. 2005) 428 F.3d 1229 ................................ 14

20 Rosenkrantz v. Marshall (C.D. Cal. 2006) 444 F.Supp.2d 1063 ......... 14, 17, 20, 21

21 Sass v. California Board of Prison Terms (9th Cir. 2006) 461 F.3d 1123 ...... 13, 14

22 Schware v. Board of Bar Examiners (1957) 353 U.S. 232 .......................... 14

23 Superintendent. V. Hill (1985) 472 U.S. 445 ........................... 14, 23, 25

24 United States ex rel. Vajtauer v. Commissioner of Immigration
      (1927) 273 U.S. 103 .................................................... 14

25 Wolff v. McDonnell (1974) 418 U.S. 539 ...................................... 13

26 **STATE CASES**

27 In re Barker (2007) 151 Cal.App.4th 346 .................................. 20, 25

28 In re Caswell (2001) 92 Cal.App.4th 1017 ..................................... 15

In re Dannenberg (2002) 102 Cal.App.4th 95 ..................................... 15

In re Dannenberg (2007) 68 Cal.Rptr.3d 188 ........................... 15, 16, 21, 25

In re Elkins (2006) 50 Cal.Rptr.3d 503 .............................. 16, 20, 21, 25

In re Ernest Smith (2003) 114 Cal.App.4th 343 ................................. 19

In re Lee (2006) 49 Cal.Rptr.3d 931 ....................... 15, 16, 20, 21, 24, 25

In re Lozano, 2007 WL 117709 .................................................. 22

In re Mark Smith (2003) 109 Cal.App.4th 489 ................................ 15, 19

In re Powell (1988) 45 Cal.3d 894 ............................................ 13

In re Rosenkrantz (2002) 29 Cal.4th 616 [Rosenkrantz V] ......................... 13

In re Scott (2005) 133 Cal.App.4th. 573 [Scott II] ...... 15, 16, 19, 20, 21, 24, 25

In re Singler (2008) 161 Cal.App.4th 281 ............................... 15, 17, 18

In re Weider (2006) 52 Cal.Rptr.3d 147 ................................ 16, 20, 25

Santa Ana Food Market Inc. v. Alcoholic Bev. Control Bd.
    (1999) 76 Cal.App.4th 570 ............................................... 15

Walker v. Sumner (9th Cir.1990) 917 F.2d 382 .................................. 15

Yu v. Alcoholic Bev. Etc. Appeals Bd. (1992) 3 Cal.App.4th 286 .................. 15

**STATUTES**

Cal. Penal Code § 3041.5(b)(2)(A) ............................................. 22

California Penal Code section 3041 ......................................... 15, 27

**REGULATIONS**

28 U.S.C. § 2254(d) ....................................................... 23, 25

Cal. Code Regs, tit. 15, section 2402 .................................. 15, 21, 25

Cal. Code Regs, tit. 15, section 2403 ......................................... 20

Cal. Code Regs, tit. 15, section 2410 ......................................... 20

**CONSTITUTIONAL PROVISIONS**

California Constitution, Article 1, § 7 ....................................... 13

U.S. Constitution, Fifth and Fourteenth Amendments ............................. 13

Ronald A. Willis
D11672    B243
P.O. Box 689
Soledad, CA. 93960-0689

PETITIONER,
In Pro Per

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **RONALD ALBERT WILLIS** | ) Case No. |
| | ) |
| Petitioner, | ) **PETITION FOR WRIT OF HABEAS** |
| | ) **CORPUS** |
| v. | ) |
| | ) |
| B. CURRY, Warden; | ) |
| A. SCHWARZENEGGER, Governor | ) |
| Respondent. | ) |
| | ) |
| _____ | ) |

**INTRODUCTION**

Petitioner, **RONALD ALBERT WILLIS** [hereafter Petitioner], respectfully submits the following Petition for Writ of Habeas Corpus in the above-entitled case and alleges that his confinement is in violation of both the California and United States Constitutions.  Petitioner, having exhausted California administrative and judicial remedies, now petitions this Court for relief from the Board's,[1] August 01, 2006 finding of unsuitability.

---

[1] This is a reference to the California Board of Parole Hearings (hereinafter Board).

*Petition For Writ of Habeas Corpus*                    *Willis v. Curry, et. al.*

1      Petitioner has previously petitioned this Court for a Writ of Habeas

2 Corpus (Northern District of California, Court No. CV-05-3153 MHP)[2]

3 challenging the denial of parole at his 2003 parole consideration hearing,

4 and that petition was granted on April 26, 2007.  At that point, Petitioner

5 had received seven parole consideration hearings, been incarcerated for

6 twenty years,[3] and was nearly eleven years beyond his minimum eligible

7 parole date.  Petitioner has now been incarcerated for twenty-four years.

8      Since the previous filing, Petitioner had another subsequent parole

9 consideration hearing on August 01, 2006,[4] which is the subject of this

10 petition.  At this hearing, Petitioner was denied parole predominately upon

11 the immutable factors surrounding the extremely repugnant nature his

12 commitment offense.  At this point, the parole consideration process has

13 become a sham for Petitioner, who has had his Psychological Evaluations and

14 accomplishments repeatedly ignored and parole denied based on the

15 unchangeable facts of his crime.

16

17

18 _____

[2] Petitioner respectfully requests this Court to take Judicial Notice of,
19 and incorporates by reference, the Petition for Writ of Habeas Corpus and
Petitioner's Opposition to the Motion to Dismiss, along with all supporting
20 documents in them, including any supporting exhibits previously filed in
his 2005 appeal of this 2003 parole consideration (Willis v. Kane, Northern
21 District No. CV-05-3153 MHP; see also Willis v. Kane (N.D. Cal. 2007) 485
F.Supp.2d 1126.)

22 [3] Petitioner was committed to the California Department of Correction and
23 Rehabilitation (CDCR) August 02, 1985, with 33 months of pre-prison credits
(Petitioner has been in continual custody since his arrest in September
24 1983).  His Minimum Eligible Parole Date (MEPD) was October 25, 1992.
Petitioner, at the time of the 2003 hearing, had 18 years in CDC, and 33
25 months in pre-prison credits, for a total of almost twenty-one years.  At
the time of the 2006 hearing Petitioner had 21 years in CDC, and 33 months
26 in pre-prison credits, for a total of almost twenty-four years of
incarceration.

27 [4] On August 01, 2006, Petitioner appeared for his seventh subsequent
28 (eighth actual) parole consideration hearing and was denied parole for a
period of three years.

*Petition For Writ of Habeas Corpus*                              *Willis v. Curry, et. al.*

I.   **IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS, AS GUARANTEED BY THE UNITED STATES CONSTITUTION IN THE FIFTH AND FOURTEENTH AMENDMENTS, AND COMPARABLE PROVISION OF THE CALIFORNIA CONSTITUTION, THE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED PAROLE BECAUSE PETITIONER IS MANY YEARS PAST HIS MINIMUM TERM AND THERE IS NO EVIDENCE INDICATING THAT PETITIONER IS A CURRENT UNREASONABLE RISK OF DANGER TO SOCIETY IF PAROLED, PARTICULARLY IN LIGHT OF THE COMMITMENT OFFENSE'S LACK OF PREDICTIVE VALUE AND HIS TWENTY-THREE YEARS OF POSITIVE REHABILITATIVE BEHAVIOR.**

California inmates appearing before the parole board have a liberty interest protected by the Due Process Clause of the United States and California Constitutions. Hayward v. Marshall (9th Cir. 2008) 512 F.3d 536, 542; Irons v. Carey (9th Circuit 2007) 505 F.3d 846, 850-851; Sass v. California Board of Prison Terms (9th Cir. 2006) 461 F.3d 1123, 1128; In re Rosenkrantz (2002) 29 Cal.4th 616, 658 & fn. 12 [Rosenkrantz V]; see also Biggs v. Terhune (9th Cir. 2003) 334 F.3d. 910, 914, [Biggs]; McQuillion v. Duncan (9th Cir. 2002) 306 F.3d. 895, 903 [McQuillion]; Board of Pardons v. Allen (1987) 482 U.S. 369, 377-78 [Allen]; (quoting Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex (1979) 442 U.S. 1, 12 [Greenholtz]).

The touchstone of due process is the protection of the individual against **arbitrary** government action. Dent v. West Virginia (1899) 129 U.S. 114, 123; Wolff v. McDonnell (1974) 418 U.S. 539, 558; Daniels v. Williams (1986) 474 U.S. 327, 331. Parole decisions that lack evidence to support them are arbitrary, and thereby violate the Due Process Clauses of both the California and Federal Constitutions. See California Constitution, Article 1, § 7; U.S. Constitution, Fifth and Fourteenth Amendments. Also see In re Powell (1988) 45 Cal.3d 894, 904; Rosenkrantz V, supra, 29 Cal.4th at p. 654-658; McQuillion, supra, 306 F.3d at p. 903-906.

The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process with respect to his liberty interest in parole if "some evidence in the record" does not support the

*Petition For Writ of Habeas Corpus*                              *Willis v. Curry, et. al.*

1  Board's decision, Sass, supra, 461 F.3d at pp. 1128-29 (citing
2  Superintendent V. Hill (1985) 472 U.S. 445, 456-457 [Hill][5]); Biggs, supra,
3  334 F.3d at p. 915 (citing McQuillion, 306 F.3d at p. 904), or is
4  "otherwise arbitrary," Hill, supra, 472 U.S. at p. 457; Hayward v.
5  Marshall, supra, 512 F.3d at p. 542.  Judicial review of a parole denial is
6  to ensure that a decision of the Board is not arbitrary and capricious,
7  thereby depriving the prisoner of due process of law.

8       "Some evidence," however, does not mean literally "any" evidence.
9  (See Rosenkrantz v. Marshall (C.D. Cal. 2006) 444 F.Supp.2d 1063, 1079
10 [hereafter Rosenkrantz VI] ["the evidence underlying the decision must be
11 supported by "some indicia of reliability.  Otherwise, it does not
12 constitute 'some evidence,'"] citing Biggs, supra, 334 F.3d. at p. 914; see
13 also McQuillion, supra, 306 F.3d at p. 904; Rosa v. Nielson (9th Cir. 2005)
14 428 F.3d 1229, 1232; Powell v. Gomez (9th Cir.1994) 33 F.3d 39, 40; Jancsek
15 v. Oregon Bd. of Parole (9th Cir.1987) 833 F.2d 1389, 1390 [Janscek]
16 [adopting the "some evidence" standard in Hill, supra, 472 U.S. at p.
17 457.]; section 2402(b) [the Board is charged with considering "[a]ll
18 relevant, **reliable** information."] emphasis added).

19      In parole cases, courts have been critical of decisions which used
20 the facts of an offense to deny parole, but fail to establish some nexus
21 between the offense factors and current dangerousness.  See McQuillion,
22 supra, 306 F.3d at pp. 905, 910, 912; Dunn v. U.S. Parole Comm. (10th

_____

24 [5] In Hill, the Supreme Court stated "[i]n a variety of contexts, the Court
has recognized that a governmental decision resulting in the loss of an
25 important liberty interest violates due process if the decision is not
supported by any evidence." See, e.g., Douglas v. Buder (1973) 412 U.S.
26 430, 432, 93 S.Ct. 2199, 37 L.Ed.2d 52  (per curiam) (revocation of
probation); Schware v. Board of Bar Examiners (1957) 353 U.S. 232, 239, 77
27 S.Ct. 752, 1 L.Ed.2d 796  (denial of admission to bar); United States ex
rel. Vajtauer v. Commissioner of Immigration (1927) 273 U.S. 103, 106, 47
28 S.Ct. 302, 71 L.Ed. 560 (deportation).

1 | Cir.1987) 818 F.2d. 742, 745; <u>Quaglito v. Sullivan</u> (D. Minn.1989) 719
2 | F.Supp. 860, 864.  California Courts have made it very clear that facts
3 | relied upon to deny parole must have a nexus[6] to public safety.  <u>In re</u>
4 | <u>Caswell</u> (2001) 92 Cal.App.4th 1017, 1029; <u>In re Mark Smith</u> (2003) 109
5 | Cal.App.4th 489, 505; <u>In re Singler</u> (2008) 161 Cal.App.4th 281; see also <u>In</u>
6 | <u>re Dannenberg</u> (2007) 68 Cal.Rptr.3d 188, 195-196 ["Courts of Appeal have
7 | elaborated on the critical distinction between the **finding** that the
8 | commitment offense was 'especially heinous' and the **nexus** that links that
9 | **finding** to the [Board's] **conclusion** that the prisoner currently poses an
10 | unreasonable risk of danger to society if released."], emphasis in
11 | original.

12 | Therefore, the sole question in determining parole suitability is
13 | whether the inmate currently presents an "unreasonable risk of danger to
14 | society if released" on parole.  See <u>Cal. Penal Code</u> section 3041 (b); <u>Cal.</u>
15 | <u>Code Regs</u>, tit. 15, section 2402(a)[7]; <u>In re Scott</u> (2005) 133 Cal.App.4th.
16 | 573, 595 [<u>Scott II</u>].  When reviewing the Board's parole denial, "[t]he test
17 | is not whether some evidence supports the **reasons** the [Board] cites for
18 | denying parole, but whether some evidence indicates a parolee's release
19 | **unreasonably endangers public safety.**"  (<u>In re Lee</u> (2006) 49 Cal.Rptr.3d
20 | 931, 936, emphasis in original.)  Some evidence of the existence of a

21 |

22 | [6] Indeed, Courts have criticized the lack of a nexus between facts found
23 | and conclusions reached in many types of cases.  See among others, <u>Walker</u>
<u>v. Sumner</u> (9th Cir.1990) 917 F.2d 382; <u>Santa Ana Food Market Inc. v.</u>
24 | <u>Alcoholic Bev. Control Bd.</u> (1999) 76 Cal.App.4th 570, 574-576; <u>Yu v.</u>
<u>Alcoholic Bev. Etc. Appeals Bd.</u> (1992) 3 Cal.App.4th 286, 297.  Also see
25 | the appellate court decision in <u>In re Dannenberg</u> (2002) 102 Cal.App.4th 95,
113-114.  This decision was overturned on other grounds, but it provides a
26 | relevant discussion on the need to have a link between facts being relied
upon and conclusions being reached.
27 | [7] All further references to section 3041 are to section 3041 of the
28 | California Penal Code, and all further references to section 2402 are to
title 15 of the California Code of Regulations, section 2402.

1 | particular unsuitability factor does not necessarily equate to some
2 | evidence that the inmate's release currently poses an unreasonable danger
3 | to public safety (Id. at p. 937.)  Thus, "some evidence" which merely
4 | supports the **reasons** cited by the Board in denying parole, cannot be the
5 | basis for affirming the denial.  (Id. at p. 936, emphasis in original.)
6 | Instead, the reasons given by the Board must be viewed "within the context
7 | of the other [suitability] factors" to determine whether the inmate is a
8 | current and unreasonable risk to society.  (Id. at p. 937, citing Scott II,
9 | supra, 133 Cal.App.4th at pp. 594-595.)  The Board "must remain focused not
10 | on the circumstances that may be aggravating in the abstract, but rather,
11 | on facts indicating that release currently poses 'an unreasonable risk of
12 | danger to society.'"  (In re Elkins (2006) 50 Cal.Rptr.3d 503, 521.)
13 | Accordingly, "the overarching consideration in the suitability
14 | determination is whether the inmate is currently a threat to public
15 | safety."  (In re Weider (2006) 52 Cal.Rptr.3d 147, 160-161.)  Even for an
16 | **especially heinous offense** the record must indicate that the prisoner poses
17 | a **current**, unreasonable risk to society if paroled.  (In re Dannenberg,
18 | supra, 68 Cal.Rptr.3d at p. 195-196.)

19 |     In evaluating whether an inmate is a current threat to public safety
20 | the court in Scott II, supra, 133 Cal.App.4th at p. 595, concluded that the
21 | crime "can" justify a parole denial, but only where it rationally shows
22 | current dangerousness, in light of the **reduced probative value that the**
23 | **crime based evidence naturally has after the passage of time**; see also Lee,
24 | supra, 49 Cal.Rptr.3d at p. 939 ["Lee's crimes have little, if any,
25 | predictive value for future criminality.  Lee's crimes almost 20 years ago
26 | have lost much of their usefulness in foreseeing the likelihood of future
27 | offenses than if he had committed them five or ten years ago."]; Elkins,
28 | supra, 50 Cal.Rptr.3d at p. 520 ["Given the lapse of 26 years and the

*Petition For Writ of Habeas Corpus*                    *Willis v. Curry, et. al.*

1  exemplary rehabilitative gains made by Elkins over that time, [the
2  Governor's] continued reliance on these aggravating facts of the crime no
3  longer amount to 'some evidence' supporting denial of parole."];
4  Rosenkrantz VI, supra, 444 F.Supp.2d at pp. 1065, 1070, 1084 [the court
5  found due process violated when the Governor denied parole solely on the
6  gravity of the commitment offense, and held that the crime lacked
7  predictive value after twenty years]; Martin v. Marshall (N.D. Cal. 2006)
8  431 F.Supp.2d 1038, 1045-1048 [same]. Hayward v. Marshall, supra, 512 F.3d
9  at p. 546 ["we conclude that the unchanging factor of the gravity of
10 Hayward's commitment offense had no predictive value regarding his
11 suitability for parole."]

12      Here, the Board cited circumstances that could be aggravating in the
13 abstract, without adequately considering whether those facts actually do
14 render Petitioner an unreasonable danger to society, **today**.  However, when
15 honestly examining those circumstances in terms of current dangerousness,
16 it is apparent that no evidence exists to support the conclusion that
17 Petitioner is a current, unreasonable risk to society.  The Board's
18 determination to the contrary lacks any evidentiary support and is,
19 therefore, arbitrary and capricious, resulting in a due process violation
20 of Petitioner's liberty interest in parole.

21      Recently, the Third Appellate District Court issued a decision in the
22 case of In re Singler, supra, 161 Cal.App.4th 281, in which the California
23 Supreme Court ordered the District Court to vacate its denial of Singler's
24 petition and, in light of Lee, Elkins, Scott II and Rosenkrantz V, issue an
25 order to show cause to the Board as to why it,

26          "'did not abuse its discretion and violate due process in
            finding [Singler] unsuitable for parole in June 2006, and
27          why [Singler] remains a danger to public safety.'
            [Citation] [¶] "the Supreme Court's order—signed by the
28          author of In re Rosenkrantz, supra, 29 Cal.4th 616 and

Petition For Writ of Habeas Corpus                    *Willis v. Curry, et. al.*

1
2
3
4
5
6

> five other members of the court (only Justice Baxter did
> not endorse the order)—indicates to us the Supreme Court
> has endorsed subsequent Court of Appeal decision that give
> courts greater leeway in reviewing the Board's
> determination that an inmate remains a danger to public
> safety.
> "No longer giving the Board the deference to which we
> thought it was entitled (In re Rosenkrantz, supra, 29
> Cal.4th at pp. 655, 665, 677, 679), we must now conclude
> that its decision finding Singler unsuitable for parole is
> not supported by the evidence presented at the time of the
> hearing."

7  (In re Singler, supra, 161 Cal.App.4th 281 at p. 287.)

8      Petitioner's Psychological Evaluations appraise his violence

9  potential to be "no more than the average citizen in the community."[8]

10  Moreover, all the other evidence in the case indicates Petitioner has

11  rehabilitated himself, and poses no threat to the community whatsoever,

12  especially after nearly a quarter century of imprisonment.  Petitioner has

13  obtained two college degrees, remained disciplinary free, receiving no

14  violent disciplinary reports.  He spent eleven years in the Vocational

15  Print Program, where he served as editor of the prison newspaper, was a

16  peer trainer and also worked on many special projects for the institution

17  and surrounding community.  Petitioner has also participated in numerous

18  self-help and therapy programs.  Also, the Board's decision overlooks his

19  relatively stable social history; overlooks the contributory nature of

20  stress; overlooks Petitioner's feelings of empathy and remorse, and his

21  current maturation and age.

22      Petitioner is in no way attempting to mitigate the extremely serious

23  nature of his commitment offence, but his actions twenty-four years ago

24  lack probative value indicating that he is a current, unreasonable risk of

25  danger to society today.  The Board did not establish any link between the

26  commitment offense and a current danger to society today, and particularly

27

28  [8] Some also appraise his violence potential to be less than the average
inmate.

Petition For Writ of Habeas Corpus                          Willis v. Curry, et. al.

1  in light of the forensic evidence, and Petitioner's twenty-four years of
2  positive, rehabilitative behavior, the Boards decision is arbitrary and
3  capricious.  How does the fact pattern of Petitioner's offense indicate he
4  is **currently** unsuitable for parole.  Facts relating to this offense will
5  never change.  Where is the evidentiary nexus between a recitation of the
6  facts of an offense and Petitioner's current threat to the community.  (See
7  Scott II, supra, 133 Cal.App.4th at p. 595 [stating that "the predictive
8  value of the commitment offense may be very questionable after a long
9  period of time."]).

10     The Ninth Circuit held that, despite the fact that there may remain
11  evidence to support a finding of egregiousness of the crime, once a
12  prisoner served his minimum term (Irons v. Carey, supra, 505 F.3d at pp.
13  853-854), repeated denials based solely on the commitment offense, could
14  lead to a due process violation.  (Id., at p. 854 ["indefinite detention
15  based solely on an inmate's commitment offense, regardless of the extent of
16  his rehabilitation, will at some point violate due process, given the
17  liberty interest in parole that flows from the relevant California
18  statutes."];[9] Petitioner is many years passed his minimum term, therefore,

19

20  [9] The Board consistently ignores the rule stated in Biggs, supra, 334 F.3d
    at pp. 916-917, and restated recently in Irons v. Carey, supra, 505 F.3d at
21  p. 854, and re-affirmed in Hayward v. Marshall, supra, 512 F.3d at p. 547
    (see also Scott II, supra 133 Cal.App.4th at pp. 594-595.) that repeated
22  reliance on unchanging facts in the face of undisputed evidence of
    rehabilitation violates due process.  (See e.g., In re Ernest Smith (2003)
23  114 Cal.App.4th 343; [unchanging history of drug and spousal abuse not
    sufficient to deny parole, and while shooting victim three times in the
24  head is "callous," it is not necessarily "particularly egregious" compared
    to similar life crimes]; In re Mark Smith, supra, 109 Cal.App.4th 489
25  [crime not egregious despite facts that victim was shot twice by inmate,
    before inmate ordered copartner to drown the victim]; Scott I, supra, 119
26  Cal.App.4th at pp. 890-892 [crime is not particularly egregious, despite
    facts of shooting victim in the presence of child]; and McQuillion, supra,
27  306 F.3d 896 [double murder, with father-son proprietors tied up and
    executed during culmination of spree of robberies, not sufficiently
28  egregious to justify rescission]).  The holdings of these cases, compared

*Petition For Writ of Habeas Corpus*                          *Willis v. Curry, et. al.*

1 the Board's refusal to set a release date is a due process violation of
2 Petitioner's liberty interest in parole. (Id., at p. 854; Hayward v.
3 Marshall, supra, 512 F.3d at p. 547 ["Hayward has long served more than his
4 minimum fifteen year term of imprisonment. We hold that the Governor's
5 reversal of parole in this case was not supported by any evidence that
6 Hayward's release would threaten public safety."]; see also Rosenkrantz VI,
7 supra, 444 F.Supp.2d at pp. 1065, 1070, 1084; Martin V. Marshall, supra,
8 431 F.Supp.2d at pp. 1045-1048; Lee, supra, 49 Cal.Rptr.3d 939; Elkins,
9 supra, 50 Cal.Rptr.3d 520; Weider, supra, 52 Cal.Rptr.3d at pp. 160-161;
10 Scott II, supra, 133 Cal.App.4th. at pp. 594-595; In re Barker (2007) 151
11 Cal.App.4th 346).

12     Petitioner has now served more than twenty-four calendar years in
13 confinement. His Minimum Eligible Parole Date (MEPD) was October 25, 1992.
14 When calculations for post-conviction credit[10], under Cal. Code Regs, tit.
15 15, section 2410, are taken into account, Petitioner is well into the
16 punishment matrix for first degree murder (Cal. Code Regs, tit. 15, section
17 2403(b)) and, currently, within three years of the maximum time allocated
18 for the most serious first degree murders on the Board's punishment matrix.
19     The 2006 hearing was Petitioner's eighth parole consideration
20 hearing. At the hearing, the Board relied solely on the commitment offense

21

22 with the factually unsupported "findings" of the Board in this case,
23 clearly demonstrate their arbitrariness in denying Petitioner a parole
date.
24 [10] CDC reception was 08/02/85 with 33 months of pre-prison credits.
Petitioner, at the time of the 2006 hearing, had 21 years in CDC, 33 months
25 in pre-prison credits, and is entitled to 84 months (21 x 4 months) of post
commitment credits, for a total credit on the life term of approximately 30
26 years 9 months. Applying the Board's punishment matrix for second degree
murder (Cal. Code Regs, tit. 15, § 2403(c)), even under the worst case
27 scenario, applying the longest possible period of incarceration, under the
28 matrix applicable to him (II. C.) Petitioner should have been released over
ten actual years ago.

Petition For Writ of Habeas Corpus          Willis v. Curry, et. al.

to deny Petitioner parole, in that, all the factors favoring suitability, under section 2402(d)[11], apply to Petitioner, while none of the factors of unsuitability, other than the commitment offense (§ 2402(c)(1)(A)-(E)) were used to deny him parole. Petitioner's case has now risen to the type of Due Process violation that the Courts warned of in Biggs, Irons and Hayward.

In Lee, the court concluded that, "Lee's crimes have little, if any, predictive value for future criminality. Lee's crimes almost 20 years ago have lost much of their usefulness in foreseeing the likelihood of future offenses than if he had committed them five or ten years ago. [Citation] Moreover, Lee's motivation for the shooting--his desperate rage against Soong driving him toward murder and suicide--augurs against any future offenses. As one court explained, a defendant's "'motivation' for the offense tends to show suitability when it was 'the result of significant stress in his life, especially if the stress has built over a long period of time.'" (Lee, supra, 49 Cal.Rptr.3d at p. 939, citing Scott II, supra, 133 Cal.App.4th 573, 595, 596; see Elkins, supra, 50 Cal.Rptr.3d at p. 520 ["Given the lapse of 26 years and the exemplary rehabilitative gains made by Elkins over that time, [the Governor's] continued reliance on these aggravating facts of the crime no longer amount to 'some evidence' supporting denial of parole."]; In re Dannenberg, supra, 68 Cal.Rptr.3d at p. 198 ["While Dannenberg's commitment offense was grave, the record that was before the Governor lacks any evidence that now, more than two decades after is offense, the nature of Dannenberg's offense alone **continues** to support a conclusion that he poses an unreasonable risk of danger to society if released."], emphasis in original; Rosenkrantz VI, supra, 444

---

[11] With the obvious exception of section 2402(d)(5) Battered Woman's Syndrome.

1   F.Supp.2d at pp. 1065, 1070, 1084 [the court found due process violated
2   when the Governor denied parole solely on the gravity of the commitment
3   offense, and held that the crime lacked predictive value after twenty
4   years]; Martin v. Marshall, supra, 431 F.Supp.2d 1038, 1045-1048 [same];
5   Sanchez, supra, 444 F.Supp.2d 1049 [Sanchez had his parole grant rescinded
6   by the Governor.  The court found that the "Governor's continued reliance
7   on the circumstances" of the crime violated due process.].)

8   **II.  IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS, AS GUARANTEED
9       BY THE UNITED STATES CONSTITUTION IN THE FIFTH AND FOURTEENTH
        AMENDMENTS, AND COMPARABLE PROVISION OF THE CALIFORNIA
10      CONSTITUTION, THE BOARD ARBITRARILY AND CAPRICIOUSLY DENIED
        PAROLE FOR THREE YEARS WITHOUT ANY EVIDENCE THAT PETITIONER COULD
11      NOT BE READY IN A SHORTER TIME.**

12          For all the same reasons that the Board's decision to deny a parole
13  date was arbitrary and capricious, its decision to defer parole
14  consideration for three years was also arbitrary and capricious.  That is,
15  since the unsuitability determination was arbitrary and capricious, so too
16  was the three year deferment of Petitioner's next parole consideration
17  hearing because the Board stated the same reasons for its three years
18  deferment as it did for the finding of unsuitability.

19          The 2006 Board in its deferment of parole for three years does not
20  point to any reasonable and reliable evidence[12] as to why Petitioner could
21  not be ready in less time.  (See e.g., In re Lozano, 2007 WL 117709 [the
22  court held that the panel's reasons for a three year deferral of his
23  subsequent hearing denied due process and failed to satisfy the "some
24  evidence" standard because the panel cited no evidence suggesting that
25  Lozano could not be found parole suitable in one year].)  After twenty-

26

27  [12] See Cal. Penal Code § 3041.5(b)(2)(A), if "the board finds that it is
28  not reasonable to expect that parole would be granted at a hearing during
    the following year and states the basis for the finding. . . ."

Petition For Writ of Habeas Corpus                          Willis v. Curry, et. al.

1  three years of incarceration, Petitioner has complied with every request
2  the Board has made of him in order for him to qualify for parole. While it
3  is true that the commitment offense was reprehensible, it can never change.
4  The Board based its three year deferment of Petitioner's next parole
5  consideration almost exclusively on his offense. Petitioner is many years
6  past his minimum term, his post-conviction behavior has not changed for the
7  worse, and in light of the Board not pointing to any reasonable and
8  reliable evidence, and that Petitioner has never been deferred for more
9  than two years, this panel's decision is arbitrary and capricious violating
10  Petitioner's due process liberty interest in parole.[13]

11      The Board's three year deferment of Petitioner's next parole
12  consideration hearing is an "otherwise arbitrary" determination, resulting
13  in a decision that is contrary to, and involved an unreasonable application
14  of, clearly established Federal law, as determined by the Supreme Court of
15  the United States (Hill, supra, 472 U.S. 445, 457; **and** resulted in a
16  decision that was based on an unreasonable determination of the facts in
17  light of the evidence presented in the State court proceeding." 28 U.S.C.
18  § 2254(d).

19                         **CONCLUSION**

20      At this point the Due Process clause is being implicated as set forth
21  in Biggs, Irons and Hayward. It is clear that the commitment facts will
22  never change. It is equally clear that Petitioner currently poses no

25  [13] Not only has Petitioner completed the Anger Management course, "Cage-
26  Your-Rage," but has completed the Alternative to Violence (AVP) program's
27  Basic Workshop and two follow-up AVP workshops. Also, Petitioner has just
   completed an Anger Management course, "The Anger Workshop," conducted in
28  the Protestant Chapel. These three courses were completed in less than a
   year.

1 | greater risk than the average citizen already free if he were to be
2 | released.

3 |     Petitioner's current lack of danger to the community is obvious.  He
4 | is being held in prison due to the Parole Board's blind adherence to
5 | factors of the his commitment offense to the exclusion of all other
6 | evidence in the case.  This is precisely the situation the court in Biggs,
7 | Irons and Hayward warned of.  The record in this case is replete with
8 | evidence of Petitioner's remorse and rehabilitation, including positive
9 | psychological reports, extensive self-improvement through completion of
10 | educational and vocational programs, as well as therapy, and over two
11 | decades of disciplinary-free incarceration.  Also, his "relatively stable
12 | social history," his genuine remorse for his crime, and his age, all
13 | indicate that Petitioner poses no threat to the public.  The evidence of
14 | Petitioner's performance while incarcerated is particularly important.
15 | (Greenholtz, supra, 442 U.S. at p.15 [the Supreme Court recognized that,
16 | "[t]he behavior of an inmate during confinement is critical in the sense
17 | that it reflects the degree to which the inmate is prepared to adjust to
18 | parole release."].)  Forensic experts who have evaluated Petitioner have
19 | concluded that Petitioner would pose no significant risk of danger if
20 | released, and had been going through a stressful time.  (Lee, supra, 143
21 | Cal.App.4th at p. 939; Scott II, supra, 133 Cal.App.4th at p. 595-596
22 | [finding that the Governor erred by failing to consider in petitioner's
23 | favor the undisputed evidence that the inmate committed his offense while
24 | under emotional stress"]; Scott I, supra, 119 Cal.App.4th at p. 898 ["the
25 | Board's failure to undertake the 'individualized consideration of all
26 | relevant factors' required by Rosenkrantz V, supra, 29 Cal.4th at p. 655,
27 | also offends the Board's own regulations, which require that 'all relevant,
28 | reliable information available to the panel shall be considered in

**Petition For Writ of Habeas Corpus**                                            **Willis v. Curry, et. al.**

1  determining suitability for parole' ([Citation], emphasis added.)"].)  All
2  the circumstances tending to show suitability apply to Petitioner (§
3  2402(d)), while none of the circumstances tending to show unsuitability,
4  other then the commitment offense (§ 2402(c)(1)(A)-(E)) were used to deny
5  him parole.

6       The Board's determination of unsuitability is arbitrary and
7  capricious, resulting in a decision that is contrary to, and involved an
8  unreasonable application of, clearly established Federal law, as determined
9  by the Supreme Court of the United States (Hill, supra, 472 U.S. 445, 457;
10 **and** resulted in a decision that was based on an unreasonable determination
11 of the facts in light of the evidence presented in the State court
12 proceeding."  28 U.S.C. § 2254(d).  Accordingly, Petitioner is entitled to
13 relief.  (See McQuillion, supra, 306 F.3d at 912 [finding that petitioner
14 was entitled to relief where none of the four grounds for recession of
15 petitioner's parole release date was supported by "some evidence," and
16 therefore the decision violated due process]; Martin v. Marshall, supra,
17 431 F.Supp.2d at p. 1047 [granting habeas relief, noting that the
18 petitioner had served 23 years of his 20 year to life sentence and had
19 "demonstrate[d] exemplary behavior and evidence of rehabilitation" for a
20 significant period of time, and holding that "the sole reliance on
21 petitioner's commitment offense in denying him parole impinges on
22 petitioner's constitutional liberty interest in parole."]; Hayward v.
23 Marshall, supra, 512 F.3d at pp. 547-548; In re Dannenberg, supra, 68
24 Cal.Rptr.3d at p. 198; Lee, supra, 49 Cal.Rptr.3d 939; Elkins, supra, 50
25 Cal.Rptr.3d 520; Weider, supra, 52 Cal.Rptr.3d at pp. 160-161; Scott II,
26 supra, 133 Cal.App.4th at pp. 594-595; In re Barker, supra, 151 Cal.App.4th
27 346).

28

1    Petitioner's commitment offense lacks any predictive value for future
2  criminality, and after twenty-four years Petitioner is well past his
3  minimum parole date.   There is no reliable evidence indicating that
4  Petitioner is, currently an unreasonable danger to society if release on
5  parole.

6    For the foregoing reasons no legally tenable basis exists to deny
7  Petitioner parole; therefore, Petitioner respectfully requests that this
8  Court grant the Petition.

9  ////

10  ////

11  ////

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Petition For Writ of Habeas Corpus*                              *Willis v. Curry, et. al.*

1

**PRAYER**

2    Wherefore, Petitioner prays for, and respectfully requests that this

3  Court:

4    1.    Issue a writ of habeas corpus or order to show cause to the

5  Warden of the Correctional Training Facility in Soledad, the Director of

6  the Department of Corrections, the Governor and the Board of Parole

7  Hearings to inquire into the legality of Petitioner's incarceration;

8    2.    Order the immediate release of Petitioner, or alternatively,

9  order the Board to set Petitioner's term in accordance with the

10  requirements of California Penal Code section 3041(a);

11    3.    Discharge Petitioner free from both actual and constructive

12  custody, or alternatively, apply any excess time in custody beyond the

13  proper term for his offense against his maximum period of parole; and

14    4.    Grant such other and further relief as justice may require.

15

16    Dated: 06/22/08

17

18                         Respectfully Submitted,

19                         Ronald R. Willis

20

21                         Ronald A. Willis
                           PETITIONER
22                         In Pro Per

23

24

25

26

27

28

## DECLARATION OF SERVICE BY MAIL

Case Name:     **Willis v. Curry, et. al.**

No.:

I, **Ronald A. Willis**, am a resident of the State of California, County of Monterey. I am over the age of 18 years, and I am a party to the within action. I am a resident of the Correctional Training Facility, in the county of Monterey, State of California. My prison address is Ronald A. Willis, D11672 B243, P.O. Box 689, Soledad, CA 93960-0689.

On _____ June 20 _____, 20 08 , I served the following:

## Petition For Writ of Habeas Corpus

on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with first class postage fully prepaid in the United States Mail at the hands of prison staff utilizing the system designated for legal mail at the Correctional Training Facility, Soledad, California, as per the Mailbox Rule (FRAP 4(c)(1)), addressed as follows:

Clerk of the U.S. District Court          Office of the Attorney General
Northern District of California           P.O. Box 944255
450 Golden Gate Avenue                    Sacramento, CA 94244-2550
San Francisco, CA 94102                   **1 Copies of Petition**
**2 Copies of Petition sent**

There is a regular service by the United States Postal Service between the place of mailing and the places so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 20th day of June, 2008, at Soledad, California.

/S/     Ronald a Willis
                Declarant

Ronald A. Willis
D11672  B243
P.O. Box 689
Soledad, CA 93960-0689

Clerk of the U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA
94120

William CLT 6·20·08

Ronald H. Willis
D11672 B243
P.O. Box 689
Soledad, CA 93960-0687

Clerk of the U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102





**LEGAL MAIL**

**LEGAL MAIL**

**DUPLICATE**

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611021184
Cashier ID: buckle
Transaction Date: 07/11/2008
Payer Name: BILL LOCKYER
---
WRIT OF HABEAS CORPUS
  For: ronald a willis
  Case/Party: D-CAN-3-08-CV-003355-001
  Amount:      $5.00
---
CHECK
  Check/Money Order Num: 203440139
  Amt Tendered:  $5.00
---
Total Due:       $5.00
Total Tendered:  $5.00
Change Amt:      $0.00

mhp


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.